STERLING (UNITED STATES v.). See Case No. 16,388.

STERLING FURNITURE CO. (McCULLOUGH v.). See Case No. 8,741.

---

## Case No. 13,376.

### Case of STERN.

[6 Int. Rev. Rec. 87.]

Circuit Court, S. D. New York. Sept. 12, 1867.

BANKRUPTCY—PETITION TO ANNUL—ASSIGNMENT OF CLAIMS.

In bankruptcy.

BLATCHFORD, District Judge. A petition was duly verified by oath, having been presented to, and filed in this court by said bankrupt, setting forth that on the 11th of July, 1867, he filed a petition in bankruptcy in this court; that on the 16th of July, 1867, he was duly adjudicated a bankrupt under the bankruptcy act of March 2, 1867 [14 Stat. 517]; that on the 2d day of September, 1867, Mr. John Sedgwick was duly appointed assignee of his estate; that all the creditors named in Schedule A, filed in his petition, have made assignments of their claims against him to one Morriz Stern; that all such creditors have been paid and satisfied by said Morriz Stern; that said Morriz Stern having thus become sole creditor of said bankrupt, has released him from all claims, demands and liabilities by a deed of release executed by him to said bankrupt, and dated the 9th day of September, 1867, a copy of which deed is annexed to said petition,—and praying that the said adjudication in bankruptcy against him may be annulled upon

his giving such notice to the creditors set forth in said schedule, as this court may direct, or upon such other terms and conditions as this court may deem reasonable and just.

Now, on motion of Edwin James, Esquire, attorney for said petitioner, it is hereby ordered that the said creditors, and all other creditors of said bankrupt, and the said assignee, and all other persons interested, show cause before this court in bankruptcy, on the 1st day of October, 1867, at 11 a. m., in the court-room of this court in the city of New York, why the prayer of said petition shall not be granted; and it is further ordered that a copy of this order be served personally or through the post-office, postage prepaid, upon each of the said creditors whose debts are set forth in said schedule, and also a copy thereof personally upon said assignee at least ten days before the return day aforesaid; and that a copy of this order be published once in each week for two successive weeks in the New York Daily Times and the New York Commercial Advertiser, the last publication to be at least five days before said return day.